El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.

---

HERMIDA, RECURRENTE, *v.* EL REGISTRADOR DE SAN GERMÁN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Germán, denegando la inscripción de un expediente de dominio.

### No. 551.—Resuelto en noviembre 16, 1922.

EXPEDIENTE DE DOMINIO—CITACIÓN DE LOS ANTERIORES DUEÑOS.—En este caso el registrador se negó a inscribir un expediente de dominio porque en el procedimiento no fueron citados todos los anteriores dueños de cuyo tiempo de posesión se aprovechaba el promovente para acreditar el dominio. *Se resolvió:* que la persona que debe ser citada es aquella inmediata de quien el recurrente adquirió el inmueble y no de los remotos anteriores dueños, siendo en tal forma que ha de darse cumplimiento a la disposición contenida en el inciso 2°. del artículo 395 de la Ley Hipotecaria para la citación de ''aquel de quien procedan los bienes.''

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. A. A. Vázquez.*

El registrador recurrido no compareció.

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

En 5 de septiembre de 1922 la Corte de Distrito de Mayagüez dictó resolución declarando justificado el pleno dominio de cierta finca rústica a favor del recurrente Fernando Hermida; y presentada al registro dicha resolución el registrador denegó su inscripción mediante la siguiente nota, que dice:

''Denegada la inscripción del documento que precede por no constar de la ameritada resolución acreditando el dominio de la finca descrita, que hayan sido citados de acuerdo con el artículo 395 de la Ley Hipotecaria, todos los anteriores dueños mencionados en dicha resolución, con excepción de José Vélez, a saber: Josefina Bracero, Rita López Silva, Miguel López y Clara López Bracero de quienes trae causa el promovente y de cuya posesión se aprovecha éste para unirla a la suya con el fin de acreditar dicho dominio, *  *  * '' ·

En vista de la anterior negativa, el recurrente ha estable-
cido el presente recurso, en el que solicita la revocación de la
nota del registrador.

En la resolución de la corte inferior se hace constar que el
recurrente adquirió la finca objeto del recurso, por compra a
José Vélez, y éste a su vez la obtuvo de las diferentes personas
que se mencionan en la nota recurrida, y también por título
de compra.

El artículo 395 de la Ley Hipotecaria, que señala el procedi-
miento que ha de seguirse en la tramitación de los expedientes
de dominio, dice en el inciso 2º. que el juez "citará a aquel de
quien procedan los bienes o a su causahabiente," y en el mismo
inciso se añade, "y convocará a las personas ignoradas a
quienes pueda perjudicar la inscripción solicitada por medio
de edictos  *   *   * ."

Las reglas que establecen la disposición citada parecen cla-
ras en sus términos y su interpretación más natural es que la
persona que debe ser citada es aquella inmediata de quien
el recurrente adquirió el inmueble y no de los remotos an-
teriores dueños. Esto había de entenderse fácilmente, por-
que una regla que dispusiera en general la citación de los an-
teriores dueños había de tener su límite, pues de otro modo
tendríamos que seguir sucesivamente las citaciones hasta lle-
gar a los primitivos dueños, lo que nos conduciría al absurdo.
Hoy en el vigente reglamento que rige en España, la regla que
impone la citación de los anteriores dueños está limitada, y
prescribe que solamente deben ser citadas las personas que hu-
bieren poseído los bienes cuyo dominio se pretende inscribir
durante los diez últimos años, ya que conste este dato por ma-
nifestación del interesado, o por la certificación del registro.
Pero tal prescripción no existe en nuestro actual reglamento
para la aplicación de la Ley Hipotecaria, y por tanto tenemos
que interpretar la ley tal como resulta de sus palabras, y dejar
al poder legislativo que enmiende la ley en ese sentido si lo cre-

yere conveniente a la mayor seguridad y garantía de tales procedimientos.

En la imposibilidad de que la citación de los anteriores dueños se pudiera llevar hasta sus últimos límites, la ley dispone que se convoque a las personas ignoradas a quienes pueda perjudicar la inscripción por medio de edictos, a fin de que comparezcan si quisieran alegar su derecho, siendo esa la razón de este precepto.

De la resolución de la corte resulta citado José Vélez, que es la persona anterior inmediata de quien procede la finca, y por edictos las personas ignoradas a quienes pueda perjudicar la inscripción solicitada, por lo que habiendo quedado debidamente cumplido el requisito de la citación que determina el artículo 395 citado, la nota debe ser revocada.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.