Miguel Angel Pietri y Ortiz, recurrente, *v.* El Registrador de San Germán, recurrido.

No. 659.—*Sometido:* Noviembre 8, 1926. *Resuelto:* Diciembre 14, 1926.

1. Información de Dominio—Anteriores Dueños o Causahabientes—Citación—Remotos Anteriores Dueños.—Cuando el promovente de un informativo de dominio ha adquirido la finca de que se trata de unos que, a su vez, la habían adquirido de otros, la citación de la sucesión de uno de éstos no es necesaria, sin que, por el hecho de que el causante de dicha sucesión se opusiera a un expediente anterior incoado sobre dicha finca por los dueños inmediatos de quien el actual promovente la adquirió cree /un, derecho especial a favor de dicha sucesión para ser citada. (*Hermida* v. *Registrador,* 31: 193, seguido.)

2. Información de Dominio—Inscripción—Denegatoria de Inscripción—Fundamentos Insuficientes—Anteriores Dueños o Causahabientes—Omisión de Citarlos.—La omisión de citar a un remoto anterior dueño de la finca objeto de la información no es motivo suficiente por sí sólo para denegar la inscripción de la resolución declaratoria del dominio. (*Hermida* v. *Registrador,* 31: 193, confirmado.)

NOTA de *Luis Capó Matres,* R. (San Germán), denegando inscripción de una resolución aprobatoria de dominio. *Revocada.*

*Luis López de Victoria,* abogado del recurrente; el *Registrador* recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El Registrador de la Propiedad de San Germán se negó a inscribir en sus libros la declaración de dominio hecha por la Corte de Distrito de Mayagüez a favor de Miguel Angel Pietri Ortiz de una finca de 30 cuerdas de terreno con 41 céntimos de otra, radicada en el barrio de Indiera Fríos del término Municipal de Maricao, según la nota puesta al pie de dicha declaratoria y que dice:

"DENEGADA la inscripción de dominio ordenada a que se refiere el precedente documento, que es una certificación expedida el día 28 de junio último por Enrique Báez, Secretario de la Corte de Distrito del Distrito Judicial de Mayagüez, creditiva de la Resolución dictada con fecha siete de mayo último por el Hon. Charles E. Foote, Juez de dicha Corte en el Caso Civil No. 11474, con vista de otro complementario; por observarse que después de haberse examinado cuidadosamente el Registro, resulta del mismo, que allá por el año 1910, el anterior dueño de la finca que se trata de inscribir llamado José Pietri y Rodríguez, trató de inscribir el dominio de una finca denominada 'Juanita' constante de 143 cuerdas radicada en dicho barrio de Indiera Fríos, término municipal de Maricao, alegando dicho señor en el expediente que fué tramitado ante la Corte de Distrito de Mayagüez que hubo su dicha hacienda Juanita sin título escrito inscribible por compra a Juan Angelino, Andrés, Agustín, Emilio, Leopoldo e Isabel Pietri y Rodríguez, en el mes de febrero de 1899. Por orden de la expresada Corte fueron citados los anteriores dueños de esa hacienda resultando que la Sucesión del condueño Leopoldo Pietri y Rodríguez compuesta de su viuda Dominga Negrón, y de sus hijos Herminia, Amelia, Ramón y Santiago Pietri y Negrón, por medio de su abogado Alfredo Arnaldo y Sevilla presentaron oposición al expediente impugnándole en cuanto a 43 cuerdas de las 143 cuerdas que alegaba el entonces promovente se componía su dicha hacienda admitiendo los opositores que la misma se componía solamente de cien cuerdas que era la extensión cierta acompañando en el escrito de

oposición copias de las escrituras no inscritas relativas de la manera de adquirir las dichas cien cuerdas. El citado José Pietri y Rodríguez por medio de su abogado contestó a la oposición manifestando ser cierta la manera de adquirir las cien cuerdas; pero alegó que poseía 113 cuerdas a cuya cabida reducía la solicitud original de su expediente expresando que hubo las trece cuerdas restantes por compra a Pablo Pietri, por las razones expuestas el abogado del interesado solicitó la aprobación del expediente por las aludidas 113 cuerdas y pasado dicho expediente al Ministerio Fiscal de la Corte, éste lo presentó en Corte abierta y solicitó que se redujera la cabida de la hacienda 'Juanita' a cien cuerdas y que se eliminaran las 13 cuerdas últimamente incorporadas, y la referida Corte de acuerdo con lo manifestado y solicitado por el Fiscal, y con el allanamiento del citado promovente José Pietry y Rodríguez declaró justificado el dominio de la finca a favor de dicho señor con una cabida de cien cuerdas según resolución dictada el 25 de agosto de 1910 que quedó firme. Desde entonces y hasta la fecha esa finca en todas sus posteriores inscripciones ha sido limitada su cabida a las cien cuerdas referidas y denegándose en cuanto a las 43 cuerdas restantes, entre las cuales figuran las 30 cuerdas que se describen en el expediente que se trata de inscribir, y ahora un hijo de aquel anterior promovente, como según así resulta de los documentos presentados, pretende inscribir a su favor dichas treinta cuerdas limitándose a exponer y alegar que adquirió la finca, tal como se describe, por compra a sus padres los esposos José Pietri y Rodríguez en siete de agosto de 1918, quienes en su oportunidad de la tramitación de su dicho expediente de las referidas 143 cuerdas, se allanaron a la oposición de la citada sucesión de Leopoldo Pietri y Rodríguez, y a la del Fiscal de este Distrito aceptando el entonces promovente que su finca se componía solamente de cien cuerdas, y ahora se trata de inscribir por el hijo del finado promovente las treinta cuerdas en cuestión, sin que en este nuevo expediente resulte que se ha notificado de acuerdo con la Ley y en la forma que debe de hacerse a la referida sucesión de Leopoldo Pietri y Rodríguez, la cual tuvo éxito en la oposición que antes se ha hecho referencia, por lo que de acuerdo con lo expuesto deniego la inscripción y en su lugar extiendo anotación preventiva por el término de ciento veinte días a favor del promovente Miguel Angel Pietri y Ortiz.''

[1, 2] Contra esa negativa interpuso Miguel Angel Pietri Ortiz este recurso gubernativo alegando que el registrador erró al no aplicar el inciso segundo del artículo 395 de la

Ley Hipotecaria, tal y como fué interpretado por este Tribunal Supremo en el caso de *Hermida* v. *Registrador,* 31 D.P.R. 193.

De la declaración de dominio hecha por la corte, cuya negativa de inscripción origina este recurso, aparece que la finca de 30 cuerdas 41 céntimos fué adquirida por don Miguel Angel Pietri Ortiz por compra en 7 de agosto de 1910 a sus padres don José Pietri Rodríguez y doña Micaela Ortiz: que estos esposos fallecieron luego y componen su sucesión sus hijos Agustín, Herminia, Nuncia, José y Miguel Angel, de apellidos Pietri Ortiz: y que los esposos Pietri Ortiz compraron ese inmueble a Juan Angelino Andrés, Agustín, Emilio, Leopoldo e Isabel, de apellidos Pietri Rodríguez, en 1899. Por consiguiente, el anterior dueño al recurrente de la finca de 30 cuerdas 41 céntimos fué don José Pietri Rodríguez y su esposa doña Micaela Ortiz; y como en el caso de *Hermida* v. *Registrador, supra,* hemos declarado que de acuerdo con el número segundo del artículo 395 de la Ley Hipotecaria no es necesario que se citen a los remotos anteriores dueños sino al inmediato de quien el recurrente la adquirió, no era necesaria la citación en este caso de la sucesión de Leopoldo Pietri Rodríguez por ser un remoto dueño y porque su oposición al anterior expediente de dominio no creó en su favor un derecho especial para ser citado, por lo que no debió negarse la inscripción solicitada *debiendo ser revocada la nota recurrida y ordenarse la inscripción interesada.*

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.