Ex parte Müllenhoff, Apelante, v. El Pueblo, Opositor.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 907.—Resuelto en abril 16, 1913.

Expediente de Dominio—Oposición del Fiscal—Tiempo de Presentar la Prueba.—La prueba de oposición en un expediente de dominio no debe presentarse por el Fiscal al ser oído sobre las pruebas ya practicadas, sino en el período señalado para proponer pruebas, con conocimiento y audiencia del promovente.

Id.—Funciones del Fiscal.—Las funciones de un Fiscal en expedientes de dominio se limitan a intervenir para velar por el cumplimiento de la ley o para defender los derechos del Pueblo, cuando los intereses de éste son opuestos a los del promovente, sin que en caso alguno pueda gestionar la defensa de intereses privados.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel Moraza.*

Abogado de El Pueblo: *Charles E. Foote, Fiscal.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

En 17 de enero del año 1912, William E. Müllenhoff promovió información ante la Corte de Distrito del Distrito Judicial de San Juan, para acreditar el dominio de una finca que describe así:

"Rústica, radicada en el barrio de Cupey, término Municipal de Río Piedras, compuesta de veinte y cinco cuerdas, equivalentes a nueve hectáreas, treinta y dos áreas y cuatro centiáreas más o menos, colindante, por el Este, con Don Pilar Pizarro Travieso y Doña Angela Serrano; por el Sur, con Don Francisco Astasio; por el Oeste, con la Sucesión de Francisco Monzón; y por el Norte, con Antonio Travieso, hoy María Cruz y Ramón Rodríguez."

En el escrito inicial de la información, alegó Müllenhoff

que adquirió dicha finca en 15 de enero de 1912 por compra
que de la misma hiciera a julio Maisonet Rivera, quien la
había adquirido en 13 de marzo de 1911 de los esposos Pilar
Rivera y Angela Serrano, habiéndola adquirido a su vez Pilar
Pizarro hacía más de 20 años, por herencia de su padre Cele-
donio Pizarro, el cual la poseyó por más de diez años, habiendo
sido la posesión tanto de Müllenhoff como de sus causantes
quieta y pacífica, con buena fe y justo título, y sin interrupción
alguna; que la finca estaba libre de cargas y gravámenes;
que su valor es el de $2,000, y que el promovente carecía de
título escrito de dominio.

Previa notificación del Fiscal del Distrito de San Juan,
fué citado para la información el anterior poseedor del in-
mueble y se publicaron edictos en el periódico "El Tiempo"
por tres veces consecutivas, para que los que pudieran tener al-
gún derecho real sobre el inmueble descrito y las personas ig-
noradas a quienes pudiera perjudicar la inscripción, pudieran
oponerse a ella dentro del término de 60 días, cuyo término
transcurrió sin que por alguien se hiciera oposición al do-
minio solicitado.

Practicada la prueba propuesta por Müllenhoff consis-
tente únicamente en las declaraciones de los testigos Juan
Santos García, Julio Maisonet, Antonio González, José Re-
verón y Fernando Trinidad Rodríguez, se dió vista al Fiscal,
quien dictaminó que no debía aprobarse el expediente porque,
según escritura otorgada en 13 de marzo de 1911 ante al No-
tario José E. Díaz por Pilar Travieso y Angela Serrano, la
finca de que se trataba era segregación de otra de 85 cuerdas
inscrita en el registro de la propiedad, al folio 208 del Tomo
20 de Río Piedras, cuya inscripción se hizo a virtud de expe-
diente posesorio promovido ante la Corte Municipal de San
Juan, y bajo el número 4594 fué tramitado otro expediente de
dominio de dos porciones de terreno de 33 y 55 cuerdas, de
las cuales o sea de las 55 cuerdas parecía haberse segregado
la porción cuyo dominio se trataba ahora de justificar.

El Fiscal acompañó a su dictamen varios documentos ten-

dentes a comprobar los hechos en que fundaba su oposición,
y el juez por orden de 29 de abril de 1912, visto el récord del
caso y el dictamen del Fiscal, desestimó la petición de Müllen-
hoff de que se declarara a su favor el dominio de la finca
descrita y se le expidiese la oportuna certificación, a los efectos
de su inscripción en el registro de la propiedad.

De esa orden pidió reconsideración Müllenhoff, solicitando
que se eliminasen del récord las pruebas presentadas por el
Fiscal y se declarara justificado el dominio por el mérito de
las pruebas que a instancia del promovente fueron admitidas
y practicadas en tiempo oportuno.  Dicha reconsideración fué
negada en orden de 13 de mayo de 1912 ''por estimar la misma
corte que en este caso no se carece de título escrito, pues se
encuentra inscrita en el registro de la propiedad la posesión
de la finca y además por ser insuficiente la prueba practicada.''

Contra la resolución de la corte interpuso la representa-
ción de Müllenhoff recurso de apelación para ante esta Corte
Suprema.

Alega la parte apelante como motivos del recurso, que la
corte cometió error al admitir pruebas al Fiscal después del
acto de la vista a espaldas del promovente, con infracción de la
regla tercera del artículo 395 de la Ley Hipotecaria, por haber
infringido ese mismo artículo desconociendo el derecho del pe-
ticionario a inscribir su dominio en el registro de la propiedad
después de haberlo justificado hasta la evidencia con todas las
formalidades legales, y porque aun en el caso de haber sido
inscrita en el registro la posesión de la finca de que se trata,
solamente al registrador incumbe conceder o denegar la ins-
cripción del dominio de la misma.

El artículo 395 de la Ley Hipotecaria preceptúa que todo
propietario que careciere de título escrito de dominio, cual-
quiera que sea la época en que hubiese tenido lugar la adqui-
sición, podrá inscribir dicho dominio justificándola con las
formalidades que marca ese mismo artículo, entre las cuales
aparece la consignada en su regla tercera que la parte ape-
lante cita como infringida, cuya regla tercera dispone que

el juez oirá por escrito sobre las reclamaciones y pruebas que se hubiesen presentado al Ministerio Fiscal y a los demás que hayan concurrido al juicio y en vista de lo que alegare y calificando dichas pruebas con un criterio racional declarará justificado o nó el dominio de los bienes de que se trate.

Si en cumplimiento de la regla tercera del artículo 395 de la Ley Hipotecaria, el Ministerio Fiscal y los demás que hubiesen concurrido al juicio han de ser oídos sobre las reclamaciones y pruebas que se hubieren presentado, es claro que antes de esa audiencia han debido ser practicadas las pruebas, y no es entonces momento oportuno de presentar prueba tendente a contrarrestar el valor y eficacia de las que a instancia de la parte promovente se hubieren practicado en la información.

La corte inferior al proceder en la forma en que lo hizo admitiendo los documentos que presentó el Fiscal al evacuar la vista que le fué conferida después de practicadas las pruebas, no sólo infringió la regla tercera del artículo 395 de la Ley Hipotecaria, sino que tambien infringió la regla rudimentaria en materia procesal de admitir pruebas sin conocimiento y audiencia de la parte a quien puedan perjudicar, privando a ésta del derecho de impugnar su admisión y de excepcionarla en su caso.

Ni era de la incumbencia del Ministerio Fiscal la presentación de los documentos de que se trata.

Comentando los Sres. Galindo y Escosura preceptos de la Ley Hipotecaria relativos a las informaciones posesorias, dicen:

"Con dos caracteres distintos puede intervenir el Ministerio Fiscal en los expedientes posesorios, como representante de la Ley o como representante del Estado. En el primer caso tiene que velar por el cumplimiento de aquélla, y si observa faltas en la instrucción del expediente, ha de pedir que no se apruebe la información. Si interviene como representante del Estado, por el interés que éste tenga en un expediente posesorio, entonces está equiparado a un particular."

De esa doctrina jurídica hizo aplicación esta Corte al resolver en 25 de abril de 1906 el caso de *González* v. *El Pueblo,* en que no se trataba de información posesoria, sino de expediente de dominio.   Entonces dijimos.—''Con arreglo al artículo 395 de la Ley Hipotecaria, esa clase de informaciones (las de dominio) deben admitirse con audiencia del Ministerio Fiscal, no sólo para que éste vele por el cumplimiento de la ley en todas sus partes, sino para que en todo caso pueda salir a la defensa de los intereses de El Pueblo de Puerto Rico, siempre que entendiere que esos intereses pudieran ser menoscabados por los promovedores del informativo.'' *González* v. *El Pueblo,* 10 D. P. R., 483.

Como se ve, las funciones del Ministerio Fiscal en dichas informaciones deben limitarse a procurar que se guarden en el expediente las formas de la ley y a evitar que se perjudiquen los derechos de El Pueblo de Puerto Rico.   Los documentos que acompañó a su informe en el presente caso ni tendían a demostrar que se hubieran infringido reglas de procedimiento, ni tampoco se encaminaban a la defensa de los derechos de El Pueblo de Puerto Rico, cuyos intereses le están encomendados, y no los de personas particulares a quienes pudiera perjudicar la aprobación del expediente de dominio.

Pero la infracción de la regla tercera del artículo 395 de la Ley Hipotecaria no es motivo legal bastante para la revocación de la orden recurrida, pues ésta se sostiene por el fundamento de ser insuficiente la prueba practicada para la justificación del dominio pretendido.

Veamos lo que dicen los cinco testigos que han declarado en el expediente:

Juan Santos García dice que Müllenhoff posee la finca de que se trata desde 15 de enero de 1912, habiéndola adquirido de Julio Maisonet, quien la poseía hacía mucho tiempo y que dicha finca colinda por el Este con Pilar Pizarro y otro de apellido Torregrosa, y también con Angela Serrano, y por el Sur con Cruz y la Ramos, aunque no recuerda por dónde colinda el primero ni cómo se llama.

Julio Maisonet afirma que la finca colinda por el Este con Pilar Pizarro y Angela Serrano habiendo al mismo lado un tal Francisco Monzón, al Sur con Francisco Astasio y por el Norte con Pilar Pizarro y la esposa de éste, sin que recuerde con quien más; que él la adquirió en 1911 de Pilar Pizarro y Angela Serrano y en 15 de enero del año siguiente hizo escritura de ella a Müllenhoff, habiéndola adquirido el Pilar de su padre Celedonio Pizarro y poseídola por más de cuarenta años.

Antonio González marca a la finca las mismas colindancias que se señalan en el escrito inicial de la información, y agrega que Maisonet vendió esa finca a Müllenhoff mediante escritura pública de 15 de enero de 1912, habiéndola vendido antes Pilar Pizarro a Maisonet también por escritura pública y que la posesión de Pilar Pizarro es de más de 20 años, habiéndola adquirido por herencia de su padre.

José Reverón depone que la finca colinda por una parte con Francisco Astasio, por otra con la Sucesión Monzón y por las otras dos partes con el vendedor; que Müllenhoff la adquirió por compra a Julio Maisonet en 1912 y Maisonet la hubo de Pilar Pizarro y éste por herencia de su padre, sin que exprese cuánto duró la posesión de todos ellos.

Fernando Trinidad Rodríguez da a la finca las mismas colindancias señaladas por el promovente y explica que Müllenhoff la adquirió de Julio Maisonet, quien la hubo de Pilar Pizarro por escritura de venta, y Pizarro por herencia de su padre, habiéndola poseído Pilar Pizarro unos 18 o 20 años.

Con tales elementos probatorios no vemos que la corte inferior incurriera en error al estimar que no había prueba suficiente del dominio pretendido, ni tampoco la parte promovente ha tratado de demostrarnos ese error citando precepto alguno de la Ley de Evidencia que haya sido infringido, pues se ha limitado en su escrito a afirmar que ha justificado hasta la evidencia el dominio sobre la finca de que se trata, con todas las formalidades legales.

Aun hay más, y es que el peticionario Müllenhoff alega en

el escrito inicial de la información, que carece de título de dominio escrito y de la prueba suministrada resulta que tiene tal título, no habiendo hecho la más mínima alegación acerca de que no sea inscribible para que así pueda equipararse a la falta de título de dominio escrito y se coloque en condiciones de acogerse al artículo 395 de la Ley Hipotecaria, para la justificación del dominio de que se trata.

La alegación de que la inscripción de la posesión de la finca en el registro de la propiedad no impide que se declare justificado el dominio de dicha finca, no favorece al apelante, pues aun en el supuesto de que dicha alegación no fuera errónea, carece de base que la sostenga, por faltar, según hemos afirmado, prueba suficiente de la justificación del dominio.

La orden recurrida debe confirmarse por el fundamento de ser insuficiente la prueba practicada, en justificación del dominio pretendido.

*Confirmada.*

Jueces concurrentes: Sres.. Asociados MacLeary, Wolf, del Toro y Aldrey.