Ex parte Perrier, Promovente y Apelado, y Del Rosario, Opositor y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en un expediente de dominio.

No. 1005.—Resuelto en febrero 25, 1914.

Expedientes de Dominio—Citación del Fiscal y de los Anteriores Dueños.—
   La citación del Fiscal y de los anteriores dueños en un expediente de dominio
   son requisitos esenciales de acuerdo con el artículo 395 de la Ley Hipotecaria.
Id.—Falta de Citación del Fiscal y de los Dueños Anteriores—Orden
   Público.—La citación del Fiscal y de los dueños anteriores en un expediente
   de dominio son requisitos previos que afectan al orden o al interés público,
   y aún cuando tales defectos no sean planteados en el tribunal inferior por
   la parte opositora y apelante, pueden ser planteados por primera vez en
   apelación, sin que la máxima *consensus tollit errorem* sea aplicable.
Id.—Cosa Juzgada—Desistimiento de un Expediente de Dominio.—El desisti-
   miento de un expediente de dominio no constituye cosa juzgada que impida
   el promover de nuevo otro expediente de dominio.

Los hechos están expresados en la opinión.
Abogado del apelado: *Sr. Juan B. Huyke.*
Abogados del apelante: *Sres. Aponte & Aponte.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Esta fué una solicitud hecha por Eugenio Perrier a la Corte de Distrito de Humacao sobre información de dominio. Juan del Rosario intervino en el expediente formulando una demanda de oposición a dicha solicitud. La corte dictó sentencia declarando adquirido el dominio de la indicada finca por Eugenio Perrier, de conformidad con la moción presentada. Cuatro son los errores que se alegan fueron cometidos por la corte inferior. El primero se refiere a la falta de citación del Fiscal y de los anteriores dueños de la finca. El segundo a la acción tomada por la corte declarando que el mero otorgamiento de una escritura concede y da la posesión al adquirente. El tercero hace referencia al hecho de no haber probado su posesión el apelado, y el cuarto a la desestimación que hizo de la defensa de cosa juzgada o desistimiento voluntario (*retraxit*).

El artículo 395 de la ley hipotecaria en lo que respecta a la adquisición de un título de dominio dispone entre otras cosas, "Que el juez dará traslado de este escrito al Ministerio Fiscal, citando a aquel de quien procedan los bienes o a su causahabiente, si fuere conocido, y a los que tengan en dichos bienes cualquier derecho real." En este caso no fué citado el Fiscal así como tampoco los anteriores dueños aunque en la primera orden dictada por la corte se disponía que se verificara la citación. Se publicaron los edictos por término de 60 días de acuerdo con la ley, habiendo sido citados y emplazados solamente los colindantes de la finca. Hemos resuelto repetidas veces que debe cumplirse estrictamente con las prescripciones de la ley relativas a la citación del Fiscal y dueños anteriores de la finca. *Ex parte Pacheco,* 5 D. P. R., 165; *Ex parte Ramírez,* 7 D. P. R., 484; *Ex parte Castro,* 7 D. P. R., 488; *Calderón et al.* v. *García,* 14 D. P. R., 420; *Sierra* v. *El Registrador de la Propiedad,* 14 D. P. R., 686; *Rivero et al.* v. *Hernández et al.,* 18 D. P. R., 1042. La citación del Fiscal y dueños anteriores de la finca son requisitos previos a la obtención de un título inscribible. Por lo general las condiciones o requisitos previos deben ser observados rigurosamente.

El apelado no alega que el precepto de la ley no sea de carácter imperativo pero sí sostiene que esta cuestión no puede ser promovida ante esta corte pues no fué suscitada por él en la corte inferior, y cita en apoyo de su alegación el caso de *Banco de Puerto Rico* v. *Sucesión de Font,* 14 D. P. R., 578. Sostiene el apelado que habiéndose limitado el apelante en la corte inferior a atacar solamente la posesión del apelado, habiendo hecho además la alegación de cosa juzgada únicamente puede ser oído en este tribunal sobre estas cuestiones pero no en cuanto a la suficiencia de la citación. Según alega el apelado el procedimiento inicial podría ser impugnado por otra persona interesada pero no por el apelante que renunció a tal derecho por el hecho de haber comparecido formulando su contestación.

El apelante hizo su comparecencia en debida forma en la corte de distrito y oportunamente interpuso apelación para ante este tribunal. Por tanto, creemos que tenía derecho a llamar la atención de esta corte hacia cualquier omisión o defecto en que hubiera incurrido el peticionario al tratar de adquirir su título de dominio. De haber sido presentada al registrador la certificación de la sentencia de la corte de distrito en la que se decretó la adquisición del título de dominio, hubiera estado justificado dicho funcionario en negarse a inscribirlo. La corte inferior no debió haber dictado su sentencia hasta tanto no se hubiera cumplido con los requisitos previos referentes a la citación, y este tribunal está en el deber de tomar en consideración esa omisión tan pronto como se le llame la atención sobre el particular. El principio relativo a que el consentimiento subsana el error (*consensus tollit errorem*) es en realidad de aplicación solamente cuando una parte está en condiciones de poder consentir o renunciar su derecho, como sucede en los casos en que el juicio es contencioso y toda la cuestión es entre las partes del mismo. Si el apelante en este caso pudo haber renunciado a sus propios derechos el público no lo hizo así, y es una cuestión de orden o interés público el hecho de que se haga el debido emplazamiento o citación en la adquisición de un título de dominio. El título de dominio debe estar protegido.

La cuestión sobre *res adjudicata* se refirió a un caso en el cual el apelado había desistido de una moción que presentó anteriormente para adquirir un título de dominio sobre la misma finca de que se trata. El apelante al desistir entonces de su moción manifestó que lo hacía de momento. Por consiguiente, la corte no resolvió en definitiva la cuestión. Según la regla, para que pueda alegarse la cosa juzgada es necesario que la sentencia haya sido dictada sobre los méritos del caso y no por desistimiento voluntario. *Calaf et al.* v. *Calaf*, 17 D. P. R., 198, y páginas siguientes. 23 Cyc., 1528.

No discutimos el segundo y tercer señalamiento de error por entender que debe revocarse la sentencia por virtud del primer señalamiento, debiendo devolverse el caso a la Corte de Distrito de Humacao para que proceda a la celebración de un nuevo juicio o a adoptar otros procedimientos que no sean incompatibles con los fundamentos de esta opinión. Y no terminaremos este dictamen sin llamar la atención al hecho de no haber sido redactada la solicitud inicial de este expediente con arreglo al artículo 395 de la Ley Hipotecaria.

> *Revocada ordenando una nueva vista o ulteriores procedimientos de acuerdo con la opinión.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.