Colón et al., Recurrentes, *v.* El Registrador de Caguas, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas denegando la inscripción de una sentencia de dominio.

No. 269.—Resuelto en abril 27, 1916.

Expediente de Dominio—Citación de Anteriores Dueños—Inscripción de la Sentencia de Dominio.—Es requisito esencial de todo expediente de dominio, de acuerdo con el artículo 395 de la Ley Hipotecaria, la citación de la persona de quien procede el inmueble, debiendo aparecer esta circunstancia en la sentencia a los efectos de su inscripción en el registro.

Id.—Citación de Anteriores Dueños—Prescripción Extraordinaria—Excepciones a la Regla.—En los expedientes de dominio, los anteriores dueños, o sus representantes legales, tienen derecho a ser oídos, ya se trate de títulos adquiridos por prescripción extraordinaria, o en cualquier otro caso, siendo la única excepción a la regla, que es más bien aparente que real, la que se refiere al caso en que el anterior dueño o sus representantes legales sean desconocidos.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. Eduardo Flores Colón.*

El registrador recurrido, Sr. Emigdio S. Ginorio, compareció en nombre propio.

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

En un procedimiento *ex parte* para acreditar un título de dominio la corte declaró a Ramón Colón Aponte como dueño de cierta finca. En la sentencia se hace mención del hecho de haber sido citado el Fiscal en persona, como también fueron citadas por edictos las personas ignoradas que pudieran tener cualquier derecho sobre dicha finca y las que se considerasen perjudicadas con la inscripción del dominio que se trataba de establecer, habiéndose probado además la posesión quieta, pública y pacífica por más de cincuenta años, si bien no aparece de la misma el nombre de la persona de quien fué adquirida la finca, ni consta que dicho primitivo dueño sea desconocido, o que fuera citado como lo exige la

ley.   La nota puesta por el registrador al dorso de la copia certificada de la sentencia es como sigue:

"Denegada la inscripción del precedente documento, por no aparecer del mismo haber sido citado, en forma alguna, el anterior dueño de la finca, cuyo nombre ni siquiera se indica, y por ser requisito esencial de todo expediente de dominio, de acuerdo con el artículo 395 de la Ley Hipotecaria, y la resolución de la Hon. Corte Suprema de Puerto Rico, página 128 del tomo 20, la citación de la persona de quien proceda el inmueble; y en su lugar tomo anotación preventiva por término de 120 días al folio 248 del tomo 22 de Barros, finca número 1335, anotación letra A, con el defecto subsanable de no ser firme la resolución declarando justificado el dominio.   Caguas, febrero 23 de 1915.   Emigdio S. Ginorio, registrador."

En el caso de *Ex parte Perrier,* 20 D. P. R. 128, este tribunal se expresó en los siguientes términos:

"*   *   *   Hemos resuelto repetidas veces que debe cumplirse estrictamente con las prescripciones de la ley relativas a la citación del Fiscal y dueños anteriores de la finca.   *Ex parte Pacheco,* 5 D. P. R. 165; *Ex parte Ramírez,* 7 D. P. R., 484; *Ex parte Castro,* 7 D. P. R. 488; *Calderón et al.* v. *García,* 14 D. P. R. 420; *Sierra* v. *El Registrador de la Propiedad,* 14 D. P. R. 686; *Rivero et al.* v. *Hernández et al.,* 18 D. P. R. 1042.   La citación del Fiscal y dueños anteriores de la finca son requisitos previos a la obtención de un título inscribible.   Por lo general las condiciones o requisitos previos deben ser observados rigurosamente."

Insiste el recurrente en que la regla no es de aplicación a los casos de adquisición por prescripción extraordinaria según la cual no se exige la buena fe ni el título aparente.   Al sostenerse en el razonamiento que el título ha sido adquirido por prescripción se da por sentada la cuestión vital envuelta en los procedimientos habidos en la corte de distrito.   El primitivo dueño, o sus representantes legales, tienen tanto derecho a ser oídos sobre las cuestiones de hecho y de derecho comprendidas en un caso en que se alega la prescripción extraordinaria como lo tienen en cualquier otro. La única excepción que parece deducirse de la definición estatutoria de la regla, excepción que es más bien aparente que

real, se refiere al caso en que el anterior dueño o sus representantes legales son desconocidos. En todos los casos bien sea la notificación real o sobreentendida, y sin tener en cuenta el período de posesión adversa o la forma de la adquisición del título que se alega, él o ellos deben tener la oportunidad de ser oídos ante la corte. *Ubi lex non distinguit nec nos distinguere debemus.* Debe confirmarse la nota del registrador.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.