*Ex parte* CONSTANCIA ROSARIO ANDINO, peticionaria y apelante.

Número 10861.

*Sometido:* 16 de octubre de 1953. *Resuelto:* 30 de diciembre de 1953.

*Benigno Dávila,* abogado de la apelante; *Hon. Secretario de Justicia José Trías Monge* y *Omar Cancio Sifre, Procurador Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

Constancia Rosario Andino, como peticionaria, inició el trámite de un expediente de dominio en la Corte de Distrito de Bayamón, solicitando que se declarase justificado a su

favor el dominio sobre una finca de aproximadamente quince cuerdas, localizada en el Barrio Algarrobos, de Vega Baja. Después de haberse hecho las citaciones que discutiremos en el curso de esta opinión, se celebró la vista en cuanto al expediente de dominio, el día 24 de marzo de 1950, ofreciéndose por la peticionaria prueba documental y de testigos. El día 31 de agosto de 1950 el Fiscal de la Sección de Bayamón del anterior Tribunal de Distrito radicó un "Informe de Oposición", en que presentó los siguientes fundamentos de objeción:

"Primero: Porque la finca vendida por Don Manuel Lomba y su esposa Doña Dolores Forteza Roca, por la escritura núm. 8 de 17 de febrero de 1931, fué solamente una finca de 7 cuerdas y no de 15 cuerdas como se alega en la petición, existiendo un aumento de cabida de 8 cuerdas, que es más del 20 por ciento permitido por la Ley, y no se dice en la petición, ni aparece de la prueba presentada a qué se debe dicho exceso de cabida, necesitando de acuerdo con la jurisprudencia establecida una mensura, con citación de los dueños colindantes y certificado del agrimensor. *Gayá* v. *Registrador,* 63 D.P.R. 800.

"Segundo: Porque habiendo fallecido Don Manuel Lomba, dueño anterior, según la alegación de la petición, es de rigor notificar a sus causahabientes, bien personalmente cuando son herederos conocidos o bien por edictos cuando son herederos desconocidos. No basta con lo que se diga en un diligenciamiento. Artículo 395, Ley Hipotecaria. *Cancel* v. *Registrador,* 28 D.P.R. 916 y *Morales Vda. de Fernández* v. *Registrador,* 48 D.P.R. 674, 681.

"Tercero: Porque según la escritura núm. 8 de 17 de febrero de 1931 antes citada, Don Manuel Lomba y su esposa vendieron una finca de 7 cuerdas a Isidoro Rosario y a su esposa Sinforiana Andino, y en la misma escritura Don Isidro Navedo (sic) y su esposa vendieron con pacto de retro dicha finca de 7 cuerdas a Don Juan Torres y a su esposa Constancia Rosario la peticionaria en este caso. Siendo esta la situación de hecho que surge del documento presentado en evidencia, los anteriores dueños no lo eran don Manuel Lomba y su esposa sino Isidoro Rosario y su esposa Sinforiana Andino.

"Cuarto: La escritura de reconocimiento y ratificación, otorgada por Don Isidoro Rosario y sus hijos ante el notario Benigno Dávila en 27 de octubre de 1949, y que lleva el núm. 90, se refiere

a una finca de 15 cuerdas, sin aclarar el aumento de cabida y no a una finca de 7 cuerdas que es la originalmente vendida, dicha escritura de reconocimiento y ratificación no contiene una relación fiel y exacta de los hechos expuestos en la escritura núm. 8 de 17 de febrero de 1931, máxime cuando habían fallecido dos otorgantes de dicha escritura, o sea Doña Sinforiana Andino esposa de Don Isidoro Rosario y don Juan Torres esposo de la peticionaria.

"Quinto: Habiendo fallecido Juan Torres no puede declararse justificado el dominio a su favor y de la peticionaria, sino a favor de la Sucesión de Juan Torres, cuyos herederos se ignoran por no aparecer de la petición ni de la prueba."

El día 21 de noviembre de 1952, la Sala de Bayamón del Tribunal Superior, dictó una resolución declarando sin lugar la petición de dominio. En esa resolución el tribunal a quo dijo lo siguiente:

"El tribunal ha leído la citación y su diligenciamiento a los anteriores dueños y encuentra que tiene razón el Fiscal al oponerse a la aprobación de este expediente de dominio, en razón a que los anteriores dueños no fueron citados de acuerdo con la ley. En tal virtud, declara sin lugar la petición de dominio radicada en este caso."

La peticionaria ha apelado de esa resolución ante este Tribunal y, por vía de señalamiento de errores, impugna tal resolución por los siguientes fundamentos:

"1. El fiscal hace sus objeciones. fuera de término, tardíamente, violando el procedimiento prescrito por la ley del caso en Informaciones de Dominio.

"2. El fiscal no notifica a la parte incumbente con copia de sus alegaciones.

"3. Violando su misión limitada de representar únicamente los intereses públicos (del fisco o del Estado, de personas incapacitadas o menores de edad, etc.), o de velar por las formalidades de ley en los Expedientes Posesorios o de Dominio, el fiscal hace objeciones o alegaciones sobre cuestiones de hecho de interés exclusivamente particular o privado.

"4. Las objeciones o alegaciones del fiscal no son sólo hechas fuera de tiempo y de lugar, son también frívolas, impropias, ajenas o inmateriales al procedimiento en Expedientes de Domi-

nio, que obstruyen y obstaculizan el objeto del procedimiento que es facilitar la inscripción de propiedades con títulos no escritos o que aunque escritos son defectuosos y no pueden inscribirse.

"5. El Tribunal Superior no resolvió de una vez declarándolas sin lugar todas las objeciones o alegaciones del fiscal que le fueron debidamente sometidas.

"6. El Tribunal resolvió erróneamente que los anteriores dueños no fueron citados de acuerdo con la ley."

El punto de referencia en este caso es el artículo 395 de nuestra Ley Hipotecaria, que dispone lo siguiente:

"Artículo 395. Todo propietario que careciere de título escrito de dominio, cualquiera que sea la época en que hubiese tenido lugar la adquisición, podrá inscribir dicho dominio, justificándola con las formalidades siguientes:

"1. Presentará un escrito al Juez de primera instancia del partido en que radiquen los bienes, o al del en que esté la parte principal, si fuese una finca enclavada en varios partidos, refiriendo el modo con que los haya adquirido, y las pruebas legales que de esta adquisición pueda ofrecer, y pidiendo que, con citación de aquel de quien procedan dichos bienes, o de su causahabiente y del Ministerio fiscal, se le admitan las referidas pruebas y se declare su derecho.

"2. El Juez dará traslado de este escrito al Ministerio fiscal, citará a aquel de quien procedan los bienes o a su causahabiente, si fuera conocido, y a los que tengan en dichos bienes cualquier derecho real; admitirá todas las pruebas pertinentes que se ofrezcan por el actor, por los interesados citados o por el Ministerio Fiscal en el término de ciento ochenta días, y convocará a las personas ignoradas a quienes pueda perjudicar la inscripción solicitada, por medio de edictos que se fijarán en parajes públicos y se insertarán tres veces en los periódicos oficiales de la provincia de Ultramar respectiva, a fin de que comparezcan si quieren alegar su derecho.

"Si los que hubiesen de ser citados estuvieren ausentes, se seguirá para las citaciones el procedimiento establecido en la regla 5 del artículo 391.

"3. Transcurrido dicho plazo, oirá el Juez por escrito sobre las reclamaciones y pruebas que se hubiesen presentado, al Ministerio fiscal y a los demás que hayan concurrido al juicio; y en

vista de lo que alegaren, y calificando dichas pruebas con un criterio racional, declarará justificado o no el dominio de los bienes de que se trata.

"4. El Ministerio fiscal o cualquiera de los interesados podrán apelar de esta providencia; y si lo hiciesen, se sustanciará el recurso por los trámites establecidos para los incidentes en la ley de Enjuiciamiento civil.

"5. Consentida o confirmada dicha providencia, será en su caso título bastante para la inscripción del dominio.

"6. Cuando el valor del inmueble no excediese de 1,000 pesos será verbal la audiencia que, según la regla 3, debe prestarse por escrito al Ministerio fiscal y a los interesados, y la apelación en su caso seguirá los trámites establecidos para estos recursos en los juicios de menor cuantía."

Como surge del artículo transcrito, el fiscal debe ser citado en un expediente de dominio y tiene derecho a comparecer y ser oído, y a expresar sus puntos de vista después de haberse celebrado la vista del caso. Las funciones del fiscal en un expediente de dominio se limitan a intervenir para velar por el cumplimiento de la ley o para defender los derechos del Pueblo (hoy Estado Libre Asociado de Puerto Rico), cuando los intereses de éste son opuestos a los del promovente. *Ex parte Müllenhoff* v. *El Pueblo*, 19 D.P.R. 377; *González* v. *El Pueblo*, 10 D.P.R. 483; *Méndez* v. *El Pueblo*, 10 D.P.R. 495; *Ex parte Perrier* v. *Del Rosario*, 20 D.P.R. 128. El Fiscal comparece en dos caracteres distintos, como representante de la Ley o del Estado. De la Ley, tiene que velar por su cumplimiento, y si observa faltas en la instrucción del expediente, ha de pedir que no se apruebe la información; y del Estado, al equipararse a éste un particular. Galindo, Legislación Hipotecaria, Tomo 4, pág. 615. El Fiscal no debe presentar prueba en defensa de intereses privados. *Ex parte Müllenhoff* v. *El Pueblo*, supra. Pero en este caso el Fiscal no presentó prueba de clase alguna, sino que presentó sus objeciones por escrito después de haberse celebrado la vista, a lo cual tenía derecho. Roca Sastre, Derecho Hipotecario, Tomo 2, pág. 496; Morell, Legislación Hipotecaria, Tomo 5, pág. 537.

Las objeciones formuladas por el Fiscal, y especialmente las que le sirven de base a la Resolución del tribunal a quo, se referían al alegado incumplimiento de las formalidades y requisitos exigidos por la ley, lo cual caía dentro del área de su autorización. Es cierto que su informe fué presentado más de cinco meses después de la celebración de la vista. Pero aunque es deseable que en estos casos el informe del Fiscal se someta con prontitud, el artículo 395 transcrito no establece un período específico de tiempo para que el Fiscal someta su informe después de la vista del caso.

De todos modos, independientemente de cualquier posible reparo a la actuación del Fiscal, que no lo hay, en este caso, lo esencial es determinar la validez o corrección de la resolución del tribunal inferior, negándose a declarar justificado el dominio a favor de la peticionaria. El dictamen del tribunal se basó en que los anteriores dueños no fueron citados de acuerdo con la ley. Al así resolverlo, no incurrió en error el tribunal a quo, y fué correcto su criterio.

En la petición se alega que la peticionaria adquirió la finca por compra de los esposos Manuel Lomba y doña Dolores Forteza Roca, en el año 1931, en virtud de la escritura núm. 8, otorgada ante el notario Victoriano M. Fernández el día 17 de febrero de 1931, y que dichos anteriores dueños Manuel Lomba y su esposa doña Dolores Forteza Roca adquirieron a su vez por compra de Eladio Cantado en el año 1926, habiendo poseído la finca Eladio Cantado por más de 20 años. La escritura núm. 8 citada fué ofrecida y admitida en evidencia. Pero en ella se expone que Manuel Lomba y su esposa venden por seiscientos dólares la finca a Isidoro Rosario y a su esposa doña Sinforiana Andino, pero estos últimos hacen constar en la propia escritura que ellos "han recibido en calidad de préstamo de don Juan Torres, casado con doña Constancia Rosario, la suma de seiscientos cincuenta dólares por el término de cinco años que vencen en 30 de enero del año mil novecientos treinta y seis, y para garantizar dicho pago venden a don Juan Torres con pacto de retro la finca que aca-

ban de adquirir y que se describe en el hecho segundo precedente, por precio de seiscientos cincuenta dólares que recibieron en giros postales expedidos en una oficina postal de New York."

No obstante lo anterior, en una escritura otorgada el 27 de octubre de 1949, ofrecida y admitida en evidencia, Isidoro Rosario, viudo de Sinforiana Andino y seis de sus hijos hacen constar que Constancia Rosario es hija de Isidoro Rosario y viuda de Juan Torres; que en el año 1931 y en virtud de la escritura núm. 8 ya mencionada, Isidoro Rosario había adquirido por compra la finca aquí envuelta de Lomba y su esposa, pero que él había comprado en representación de su hija Constancia Rosario, y con dinero perteneciente a ella cuando ella era soltera, y que ella le había facilitado ese dinero para que él comprase la finca en nombre de ella; que Isidoro Rosario había estado en posesión de la finca en nombre de ella; y que, habiendo fallecido la esposa de él, tanto Isidoro Rosario como sus demás hijos, como herederos de la esposa de este último, hacen constar "que la finca descrita es de la propiedad exclusiva y privada y en dominio pleno de la compareciente doña Constancia Rosario, y a los efectos reconocen y ratifican que la compra de dicha finca que hizo don Isidoro Rosario la hizo a nombre y en representación de su hija doña Constancia Rosario con dinero del peculio privativo que le había enviado dicha doña Constancia Rosario para la compra de dicha finca, por lo que todos los comparecientes en el carácter que ostentan hacen el reconocimiento debido en cuestión a favor de la referida compradora doña Constancia Rosario, renunciando a todo derecho, título o interés que pudieran tener en la propiedad descrita para que así conste públicamente a los efectos que correspondan".

En la vista del caso se declaró que el dinero en cuestión era de la peticionaria, y que la finca había sido comprada por Isidoro Rosario en nombre y representación de ella.

Los requisitos establecidos por el artículo 395 en cuanto al procedimiento a ser seguido en la tramitación de un expe-

diente de dominio son esenciales y deben ser cumplidos estrictamente, debiéndose cumplir estrictamente el requisito esencial de citación adecuada del dueño inmediatamente anterior, o sea, de aquél de quien proceda la propiedad, o sus causahabientes. *Ex parte Perrier* v. *Del Rosario*, supra; *Febre* v. *Febre*, 40 D.P.R. 219; *Rivero et al* v. *Hernández et al*, 18 D.P.R. 1042; *Colón et al* v. *El Registrador*, 23 D.P.R. 754; *Cruz* v. *Santiago*, 24 D.P.R. 324; *Maldonado* v. *Registrador*, 53 D.P.R. 929. Tal postulado de cumplimiento estricto del requisito de citación del dueño inmediatamente anterior, o sus causahabientes, está basado en el hecho de que el expediente de dominio es un procedimiento *ex parte* en su origen (*Benítez* v. *Registrador*, 71 D.P.R. 563, 568, 569), y es, presuntivamente, rápido. La citación del anterior dueño afecta el orden y el interés público, (*Ex parte Perrier* v. *Del Rosario*, supra), y se requiere, en parte, para que quede debidamente acreditada la autenticidad de la transmisión. Morell, ob. cit., Tomo 5, pág. 529. La citación debe ser del anterior dueño inmediato, y no de los anteriores dueños remotos. *Hermida* v. *Registrador*, 31 D.P.R. 193; *Pietri* v. *Registrador*, 36 D.P.R. 71. La citación del dueño inmediatamente anterior, o de sus causahabientes, en su caso, debe ser personal, cuando ellos son conocidos o cuando se conoce su existencia y paradero, y ellos están en Puerto Rico, siendo indispensable tal citación personal, bajo esas circunstancias. *Rivero et al* v. *Hernández et al*, supra; *Morales Vda. de Fernández* v. *Registrador*, 48 D.P.R. 674, 676, 677; *Colón* v. *Registrador*, supra; *Cancel* v. *Registrador*, 28 D.P.R. 916; *Ex parte Castro*, 7 D.P.R. 488; *Ex parte Ramírez*, 7 D.P.R. 484. Si se desconoce la existencia o el paradero del dueño inmediatamente anterior, o de sus causahabientes, ellos podrían ser citados por edictos (*Hernández* v. *Registrador*, 36 D.P.R. 43; *Hermida* v. *Registrador*, supra; *Cf. Cerdá* v. *Ossorio*, 65 D.P.R. 336, 340 e *Iñesta* v. *Registrador*, 65 D.P.R. 773), pero, en ese caso, ellos deben ser nombrados en los edictos, de conocerse su identidad y existencia (*Maldonado* v. *Registrador*, supra; *Iñesta* v.

*Registrador*, supra; Morell, ob. cit., Tomo 5, pág. 536; *Cf.
Colón* v. *Registrador*, supra; *Hernández* v. *Registrador*, su-
pra), o, de no ser posible el designarlos específicamente, debe
haber alguna referencia en los edictos a ellos, esto es, debe
indicarse que se está citando al anterior dueño de esa finca o
sus causahabientes.

■■ De la escritura núm. 8 de 17 de febrero de 1931
surge que Isidoro Rosario y su esposa Sinforiana Andino eran
los dueños inmediatamente anteriores a la peticionaria, esto.
es, eran las personas de quien procedía la finca. Ni Isidoro
Rosario ni los herederos o causahabientes de Sinforiana An-
dino fueron citados en forma alguna, ni personalmente ni por
edictos, y, por lo tanto, no se cumplió con tal requisito del
citado artículo 395, y no podía concederse la declaración de
dominio solicitada. *Cancel* v. *Registrador*, supra, interpre-
tado en *Hernández* v. *Registrador*, supra. Pero alega la pe-
ticionaria que, realmente, Isidoro Andino y su esposa no eran
los verdaderos dueños anteriores de la finca, ya que, en la
escritura de 27 de octubre de 1949, Isidoro Rosario y los here-
deros de Sinforiana Andino reconocieron que Rosario y su
esposa habían adquirido la finca en nombre y representación
de Constancia Rosario y con dinero perteneciente a esta
última, siendo ellos meros agentes de la aquí peticionaria.
Independientemente de si en este expediente de dominio el
tribunal podía, o no, resolver el conflicto existente entre am-
bas escrituras, e independientemente de que en la primera
escritura se dice que el dinero para la compra se obtuvo en
calidad de préstamo de Juan Torres, entonces esposo de la
peticionaria, y ahora fallecido, mientras que en la segunda
escritura se indica que el dinero pertenecía exclusivamente
a la peticionaria y fué entregado para comprar la propiedad,
y asumiendo que Rosario y su esposa compraron con dinero
de la peticionaria, Isidoro Rosario y su esposa (ahora sus he-
rederos), ni Rosario y sus hijos ni los causahabientes de
Lomba fueron citados en forma adecuada.

██ Aun asumiendo que, como cuestión de realidad, Isidoro Rosario y su esposa eran meros agentes de la peticionaria, y que solamente sirvieron como instrumentos pasivos de conducción del título, de parte de Manuel Lomba y su esposa a favor de la peticionaria, esto es, asumiendo que la finca realmente procedía, inmediatamente, de Manuel Lomba y su esposa, estos últimos, y sus causahabientes, no fueron citados debidamente. Se demostró ante el tribunal a quo, que Manuel Lomba había fallecido. Se citó personalmente a su viuda, doña Dolores Forteza Roca. Pero no se citó en forma alguna a todos los demás posibles herederos o causahabientes de Manuel Lomba. Al fallecer el dueño anterior, debe citarse a sus herederos o causahabientes. *Cancel* v. *Registrador,* supra; *Cruz* v. *Santiago,* supra; *Taboada* v. *Registrador,* 26 D.P.R. 662; *Morales Vda. de Fernández* v. *Registrador,* supra. En este caso, se citó personalmente, como hemos indicado, a la viuda de Lomba, y en el diligenciamiento de tal citación, practicado por una persona particular, se dijo que no se había podido notificar a Lomba porque éste había fallecido, "quedando como heredera su referida esposa doña Dolores Forteza Roca, a quien notifiqué también como heredera de dicho don Manuel Lomba".

██ Naturalmente, no es necesario que en un expediente de dominio se tramite una declaratoria de herederos, ni es preciso justificar documentalmente la identidad y cualidad de los herederos del anterior dueño. Roca Sastre, Derecho Hipotecario, Tomo 2, pág. 494. Además, si el peticionario no conoce la identidad, existencia o paradero de otros posibles herederos, claramente no se le debe requerir que los cite personalmente. Pero, tal como se resuelve en *Hernández* v. *Registrador,* supra, si existiera la posibilidad de otros herederos, tendría efecto legal en cuanto a tales herederos una citación por edictos que incluya a todos los posibles sucesores, herederos o causahabientes del anterior dueño. El artículo 395 dispone que el peticionario en un expediente de dominio presentará un escrito en el cual, entre otras cosas,

deberá pedir que "con citación de aquel de quien procedan dichos bienes, o de su causahabiente y del Ministerio fiscal, se le admitan las referidas pruebas y se declare su derecho". En *Cruz* v. *Santiago*, supra, se dice lo siguiente:

"La expresada sentencia ha sido apelada para ante esta Corte Suprema por Juan de Dios Santiago y Mestei, y entre otras razones alegadas para sostener la revocación de la sentencia apelada invoca la de no haberse expresado en el escrito inicial del expediente promovido por Isabel Cruz y Luciano quienes fueran los causahabientes de Eleuterio Cruz y Antonia Luciano, o si no los había, requisito indispensable para dar cumplimiento al artículo 395 de la Ley Hipotecaria.

"Dicho artículo previene en su regla 1a. que en el escrito inicial del procedimiento se pida que con citación de aquel de quien procedan los bienes, o de su causahabiente y del ministerio fiscal, se admitan al promovente las pruebas y se declare su derecho; y la regla 2a. del mismo artículo ordena que el juez dará traslado del escrito al ministerio fiscal, citará a aquel de quien procedan los bienes o a su causahabiente si fuera conocido, y a los que tengan en esos bienes cualquier derecho real.

"Examinado el escrito inicial del expediente promovido por Isabel Cruz y Luciano, encontramos que ésta alega haber adquirido la finca por título hereditario de sus padres Eleuterio Cruz y Antonia Luciano pero no dice que fuera única heredera de éstos, para que así pudiera prescindirse de la citación de los causahabientes de Eleuterio Cruz y Antonia Luciano, pues siendo ella la única heredera holgaría esa citación por la ficción legal de que causante y causahabiente son una sola persona.

"Habiendo la posibilidad de que Isabel Cruz y Luciano no sea única heredera de Eleuterio Cruz y Antonia Luciano, muy bien puede suceder que haya quienes se crean con derecho a la herencia de aquéllos, y a esos indudablemente interesaría la citación de . los causahabientes de Eleuterio Cruz y Antonia Luciano. *Calderón et al* v. *García,* 14 D.P.R. 420, 431.

"La alegación que hemos examinado no fué hecha por la parte opositora en la corte inferior sino por primera vez ante esta Corte Suprema, y por tratarse de un defecto esencial hemos tenido que examinarla y resolverla.

"Las reglas establecidas para la instrucción de los expedientes de dominio deben cumplirse estrictamente por ser de interés

público. *Ex parte Perrier, y del Rosario,* 20 D.P.R. 128 y 130. La Ley Hipotecaria previene que sea citado aquel de quien proceden los bienes o su causahabiente, según dejamos consignado, y no puede excusarse el cumplimiento de semejante precepto, sino en el caso de que no haya términos hábiles para ello, como sucedería en el caso de que el promovente que alega para la adquisición título hereditario, fuera el único heredero del causante, lo que no aparece alegado en el presente caso.

"Por la razón expresada, y sin considerar los demás motivos del recurso, es de revocarse la sentencia apelada, sin perjuicio de que Isabel Cruz Luciano justifique el dominio que alega con sujeción a los preceptos de la Ley Hipotecaria."

En *Taboada* v. *Registrador,* supra, se resuelve que no es inscribible una resolución aprobatoria de un expediente de dominio cuando de la misma sentencia no aparece con toda claridad quiénes eran los causahabientes de aquel de quien procedía la finca, a los fines de cumplir con el requisito de su citación por haber el causante fallecido.

En el caso de autos, en el escrito inicial no se expresa quiénes eran los herederos o causahabientes de Manuel Lomba, ni se indica que se desconocía su existencia o paradero, ni se expresa que su viuda fuese su única heredera. En el diligenciamiento de la citación hecho por una persona particular se indica que se notificó personalmente a la viuda, "quedando como heredera su referida esposa". Ello no es suficiente para excluir la posibilidad de que hubiese otros herederos de Lomba. Lo que se debió haber hecho en este caso, asumiendo que Lomba sea considerado como el anterior dueño, al igual que se hizo válidamente en *Hernández* v. *Registrador,* supra, era incluir en la citación por edictos a los posibles sucesores, herederos y causahabientes de Lomba, "por ignorarse el paradero actual y la existencia de ellos".

En los edictos publicados en este caso se citó a "todo el que tenga un derecho real sobre el inmueble descrito, las personas ignoradas a quienes pueda perjudicar la inscripción y en general a todo el que desee oponerse". Pero tal expresión general no le daba un aviso razonable a los posibles he-

redéros de Lomba. De tales edictos, los posibles herederos de Lomba no podían enterarse de que Lomba estuviese envuelto en la transacción. En la citación por edictos se debió haber incluído a "todos los posibles sucesores, herederos o causahabientes de don Manuel Lomba, por ignorarse su existencia o paradero".

Hubo un vicio esencial en la tramitación del expediente de dominio en este caso, cual fué el hecho de que no fueron citados adecuadamente el anterior dueño o sus causahabientes. Por lo tanto, *debe confirmarse la resolución apelada sin perjuicio de que se tramite de nuevo el procedimiento de acuerdo con la ley.*