ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| FRANCO LUIS ROMÁN QUILES Y YOLANDA NIEVES VARGAS<br><br>APELANTES<br><br>V.<br><br>EX PARTE | KLAN202400103 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Aguadilla<br><br>Caso Núm. AG2023CV00972<br><br>Sala: 601<br><br>Sobre:<br><br>EXPEDIENTE DE DOMINIO |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de marzo de 2024.

Comparecen, Franco Luis Román y Yolanda Nieves Vargas (en adelante, "la parte peticionaria"), mediante el recurso de epígrafe. Ello, a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 8 de enero de 2024 y notificada el 9 de enero de 2024, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. Mediante la referida determinación, el foro recurrido declaró *No Ha Lugar* la "*Petición*" sobre inmatriculación de finca, presentada por la parte peticionaria. Todo, dentro de un procedimiento *Ex parte* de Expediente de Dominio.

**I.**

El 9 de junio de 2023, la parte peticionaria presentó un escrito intitulado "*Petición*" ante el foro recurrido, a los fines de que dicho foro declarara justificado su dominio sobre una finca localizada en el Barrio Cibao del pueblo de San Sebastián. Siendo así, peticionó que se inmatriculara la referida finca a su favor en el Registro de la Propiedad Inmobiliaria. Especificó, que había poseído la aludida propiedad durante un período que excedía los cuarenta y un (41) años. Añadió, que había

Número Identificador
SEN2024 _____

adquirido dicha finca mediante una compraventa efectuada en documento privado, el cual se había extraviado. Finalmente, solicitó al tribunal de instancia que ordenara la citación mediante edictos, tanto de las personas ignoradas que se pudieran perjudicar con la inscripción solicitada, como de los inmediatos anteriores dueños de la propiedad objeto de la "*Petición.*"

En respuesta, el 10 de julio de 2023, el foro primario notificó una "*Orden.*" Mediante esta, informó a la parte peticionaria que su "*Petición*" carecía de la siguiente prueba documental: a) Certificación de Valores Contributivos del Centro de Recaudaciones sobre Ingresos Municipales (en adelante, por sus siglas, "CRIM"); b) Certificación de Mensura y c) proyectos de edicto y citaciones. Cónsono con lo anterior, ordenó a la parte peticionaria que notificara personalmente o por correo certificado al Alcalde del Municipio en que radique el bien inmueble; el Secretario de Transportación y Obras Publicas y el Fiscal de Distrito. Ello, conforme el Art. 185 de la Ley del Registro de la Propiedad Inmobiliaria, Ley Núm. 210-2015, según enmendada, 30 LPRA sec. 6291.

También ordenó que dicha parte notificara al Departamento de Recursos Naturales de Puerto Rico (en caso de existir un cuerpo de agua en las colindancias de la finca en cuestión); Luma Energy; Autoridad de Acueductos y Alcantarillados (en lo sucesivo, por sus siglas "AAA") y el Negociado de Telecomunicaciones de Puerto Rico. Para estas últimas tres (3), el foro recurrido fundamentó su orden en lo dispuesto por la Ley de Servidumbres Legales de Servicio Público, Ley Núm. 143 de 20 de julio de 1979, según enmendada, 27 LPRA sec. 2151 et. seq. Añadió, que la parte peticionaria debía notificar a los poseedores de las fincas colindantes. Además, ordenó que citara personalmente al inmediato anterior dueño o sus herederos. Agregó a la "*Orden*" la citación por edicto de las personas ignoradas o desconocidas, según surge del Art. 185, *supra.*

En reacción, el 18 de julio de 2023, la parte peticionaria presentó escrito intitulado "*Cumplimiento de Orden.*" En síntesis, adujo que tenía una cita en el CRIM en aras de obtener la Certificación de Valores Contributivos. Por lo cual, solicitó una prórroga al foro primario para cumplir con la "*Orden*" notificada. Añadió, que junto a la "*Petición*" se había incluido un plano preparado, sellado y firmado por un agrimensor licenciado. Finalmente, sostuvo que había enviado los proyectos de edicto. Al día siguiente, el foro primario, concedió a la parte peticionaria una prórroga de veinte (20) días. Esto, a los efectos de que la parte peticionaria presentara la siguiente documentación: a) Certificación de Valor Contributivo emitida por el CRIM; b) Certificación juramentada de Mensura, suscrita por un agrimensor y en la que se certifique la citación de los colindantes; c) un proyecto de citaciones dirigido a: el Alcalde de San Sebastián, Fiscal de Distrito, Secretario del Departamento de Transportación y Obras Públicas, LUMA Energy, AAA, Negociado de Telecomunicaciones y los colindantes.

Posteriormente, el 7 de agosto de 2023, la parte peticionaria presentó un nuevo escrito sobre "*Cumplimiento de Orden.*" Mediante este, se limitó a presentar la Certificación de Valores Contributivos del CRIM. Luego de varios tramites procesales que no son necesarios de pormenorizar, el 11 de septiembre de 2023, el foro recurrido concedió a la parte peticionaria un término de quince (15) días para que cumpliera con la orden del 19 de julio de 2023. En atención a ello, el 20 de septiembre de 2023, la parte peticionaria presentó "*Cumplimiento Suplementario de Orden.*" En esencia, arguyó que conforme la Ley de Servidumbre Legales de Servicio Público*,* no era necesario notificarle del proceso incoado a LUMA Energy y a la AAA. Agregó, que la finca en cuestión ha mantenido la misma cabida y descripción por más de 30 años, por lo cual no era requerido realizar una mensura, conforme a las disposiciones de la Ley del Registro de la Propiedad Inmobiliaria.

El 9 de enero de 2024, el tribunal de instancia, notificó el dictamen que nos ocupa. Mediante este, declaró *No Ha Lugar* la "*Petición*" de la parte peticionaria. Ello, bajo los siguientes fundamentos: a) la falta de presentación de la parte peticionaria de una certificación de la mensura que se había practicado a la finca objeto de "*Petición*;" b) la ausencia de notificación a LUMA Energy y a la AAA del procedimiento de expediente de dominio, según surge del el Art. 185, *supra* y la Ley de Servidumbres Legales de Servicio Público, *supra*.

Inconforme, el 6 de febrero de 2024, la parte peticionaria presentó el recurso de epígrafe. Mediante este, señaló los siguientes errores:

> **PRIMERO:** Erró el TPI al desestimar el expediente de dominio por no haber cumplido con la orden (Exhibit VI, pág. 20) en la que requirió "**Certificación juramentada de Mensura** suscrita por el Agrimensor Edwin Olivencia, en la cual se certifique las citaciones a los colindantes.

> **SEGUNDO:** Erró el Tribunal al desestimar el expediente de dominio por no haber cumplido con la orden (EXhibit VI, pág 20) que requería "**Proyectos de citaciones** dirigidos a: Alcalde de San Sebastián, Fiscal de Distrito, Secretario de Transportación y Obras Públicas, LUMA [Energy], Autoridad de Acueductos y Alcantarillados, Negociado de Telecomunicaciones, William López Nieves, Alcides Ortiz Rodríguez y Orlando Fernández Quiles.

Al ser el recurso de epígrafe uno que versa sobre un procedimiento de jurisdicción voluntaria, lo acogemos como un *certiorari,* según dispuesto en la Regla 32 (c) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32 (c). Luego de la referida salvedad, pasamos a esbozar el marco doctrinal aplicable a la controversia que nos ocupa.

**II.**

A. El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Rivera Gómez v. Arcos Dorados Puerto Rico, 2023 TSPR 65, 212 DPR ____; Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc., 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos

Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del certiorari "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". Íd. Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

De igual modo, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de certiorari. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". Rivera Gómez v. Arcos Dorados Puerto Rico, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. Íd.; 800 Ponce de León v. American International, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, supra, dispone los siguientes criterios:

> **A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> **B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> **C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G**. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. Citibank v. ACBI, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; Graciani Rodríguez v. Garage Isla Verde, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Id.; Pueblo v. Hernández Villanueva, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Id.; Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. Id. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de certiorari y ejercer nuestra función revisora.

**B. Expediente Dominio**

Todo propietario que no tenga un título de dominio inscrito a su favor podrá inscribirlo conforme a la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, Ley 210-2015, según enmendada, 30 LPRA sec. 6291. Para ello, "presentará un escrito jurado en la sala del Tribunal de Primera Instancia correspondiente al lugar en que radiquen los bienes." *Íd.* Esto, dará inicio al procedimiento ex *parte* conocido como expediente de dominio. El referido proceso consiste en la ejecución de una serie de requisitos, los cuales se deben cumplir cabalmente. Véase, *Ex parte Rosario*, 75 DPR 698, 706-707 (1953).

El expediente de dominio tiene como efecto el justificar la existencia de un título de dominio. *Rodríguez v. Registrador*, 75 DPR 712, 732 (1953). El Tribunal de Primera Instancia celebrará una vista para atender, entre otras cosas, la prueba presentada, y declarará la justificación de dicho dominio. 30 LPRA sec. 6293. Posteriormente, el promovente podrá presentar en el Registro de la Propiedad Inmobiliaria una copia certificada de la resolución final y firme dictada por el tribunal que atendió la petición. 30 LPRA sec. 6294. Sin embargo, esto no implica una declaración definitiva de derechos. *Íd.* Por consiguiente, no es óbice de que posteriormente se celebre un juicio declarativo a instancia de los interesados. *Íd.*

**III.**

En esencia, la parte peticionaria argumenta que el foro a quo se excedió en sus facultades al solicitarle una mensura certificada, y un proyecto de citaciones dirigido a personas que podrían tener cualquier derecho real sobre la finca objeto del procedimiento.

Tras evaluar el expediente en su totalidad, concluimos que no existen motivos para intervenir con la determinación del foro recurrido. Entendemos, que el Tribunal de Primera Instancia actuó conforme a la sana discreción que le asiste en este tipo de procedimientos. De la controversia presentada no se desprende que dicho foro haya actuado de forma prejuiciosa, parcial o cometido error manifiesto al ejercer sus

facultades adjudicativas. Ante ello, y cónsono con la comedida discreción que debemos ejercer al evaluar un auto de *certiorari,* determinamos denegar el presente recurso.

**IV.**

Por los fundamentos esbozados, denegamos el presente recurso al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones