LUIS HERNÁNDEZ BETANCOURT, recurrente, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 661.—*Sometido:* Noviembre 23, 1926. *Resuelto:* Diciembre 7, 1926.

INFORMACIÓN DE DOMINIO—ANTERIORES DUEÑOS O CAUSAHABIENTES—CITACIÓN—POR EDICTOS—SUFICIENCIA DE LA CITACIÓN.—Tratándose de acreditar el do-dominio de bienes adquiridos por herencia, la citación por edictos de los sucesores, herederos y causahabientes de los anteriores dueños, por ignorarse su paradero así como su existencia, es suficiente.

NOTA de *Augusto Malaret,* R. (San Juan, Sección Primera), denegando inscripción de una resolución aprobatoria de dominio en cuanto a una parte o parcela de la finca objeto del expediente. *Revocada.*

*Rodolfo Ramírez Pabón,* abogado del recurrente; El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

La Corte de Distrito de San Juan dictó resolución declarando justificado a favor del recurrente el dominio de cierta finca rústica compuesta de tres parcelas de terreno, y presentada al registro para su inscripción el registrador denegó la inscripción de la porción de 21 cuerdas 90 céntimos porque no alegando el recurrente que fuese el único heredero de sus padres, Luciano Hernández y Carlina Betancourt, no se expresa quiénes eran los demás causahabientes de esas personas de quienes procede dicha porción a los efectos de cumplir con el requisito de la citación.

En la resolución aprobando la información se hace constar que la corte inferior "ordenó la citación por edictos de los anteriores dueños y sus sucesores, herederos y causahabientes por ignorarse el paradero actual y existencia de ellos."

El registrador sostiene que la citación en la forma que aparece hecha no se ajusta a la ley ni a la jurisprudencia aplicable, citándose entre otras decisiones las de *León* v. *Registrador,* 27 D.P.R. 374, y *Cancel* v. *Registrador,* 28 D.P.R. 916.

Los términos de la resolución, sin embargo, expresan claramente que los sucesores, herederos y causahabientes de los anteriores dueños fueron citados por edictos por ignorarse su paradero, así como su existencia. La cuestión es si hecha la citación de un modo tan general es suficiente. A nuestro juicio nos inclinamos a la afirmativa. En la resolución se dice que el recurrente adquirió la parcela de terreno por herencia de sus padres y que éstos habían fallecido. Si no aparece que el recurrente era su único heredero y existiera la posibilidad de otros herederos, la citación incluyendo los sucesores, herederos o causahabientes de anteriores dueños tendría efecto legal en cuanto a tales herederos. El caso de *Cancel, supra,* aunque es casi idéntico por sus circunstancias al presente, la diferencia consiste únicamente en que no aparece hecha la citación en ninguna forma a los demás herederos o causahabientes del padre del recurrente, de quien éste hubo la finca, y se negó la inscripción; pero en este caso tal formalidad se ordenó mediante edictos, citándose, por los motivos que expresa la resolución de la corte, a todos los herederos o causahabientes de los anteriores dueños.

*Por todo lo expuesto, debe revocarse la nota recurrida y ordenarse la inscripción solicitada.*

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.