Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| MARÍA RUIZ FIRPO, representada por su apoderado JOSÉ MIGUEL SOTO RUIZ<br><br>Ex Parte | KLCE202201410 | ***Certiorari*** procedente del Tribunal de Primera Instancia, Sala de Superior de Aguadilla<br><br>Caso Núm.: AG2022CV01572<br><br>Sobre: Expediente de Dominio |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Mateu Meléndez y el Juez Marrero Guerrero

Rodríguez Casillas, juez ponente

### SENTENCIA

En San Juan, Puerto Rico, a 31 de enero de 2023.

Comparece ante nos la Sra. María Ruiz Firpo (en adelante, Ruiz Firpo o apelante) con interés de que revoquemos la Sentencia dictada el 21 de noviembre de 2022,[1] por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (en adelante, TPI). Mediante dicho dictamen, se desestimó, sin perjuicio, la petición de expediente de dominio instada por la parte apelante.

Examinada la naturaleza del recurso, lo acogemos como una apelación y autorizamos que se retenga su actual identificación alfanumérica.

Por los fundamentos que expondremos a continuación, resolvemos confirmar el dictamen apelado.

**-I-**

El **21 de octubre de 2022** la señora Ruiz Firpo, representada por su hijo José Miguel Soto Ruiz,[2] presentó una petición de expediente de dominio para inscribir a su favor el dominio sobre la

---

[1] Notificada al día siguiente.
[2] El 30 de agosto de 2022 se otorgó la Escritura Núm. 60 sobre Poder General ante el Notario Omar Bonet Tirado.

Número Identificador

SEN2023_____

finca identificada con el número de catastro 125-000-008-33-000, ubicada en el Barrio Calvache del municipio de Rincón. Expuso, entre otras cosas, la descripción de la finca y su valor estimado en $50,000.00. La señora Ruiz Firpo alegó que adquirió dicho inmueble mediante ocupación en el 1973, luego del fallecimiento de su padre – Mariano Ruiz Cajigas. Desde entonces, ha venido ocupando la finca a título de dueña, de forma pacífica, pública e ininterrumpidamente. Expuso que en dicha finca enclava una residencia de la cual es propietaria junto a su esposo. A su vez, alegó que el dueño inmediato anterior de la finca lo fue su difunto padre. Sin embargo, carece de un título de dominio sobre la finca inscribible en el Registro de la Propiedad. Junto con la petición presentó copia del plano y certificación de mensura.

En atención a los requisitos dispuestos en el Art. 185 de la Ley Hipotecaria,[3] el **31 de octubre de 2022** el TPI emitió una Orden para que la señora Ruiz Firpo presentara y/o cumpliera con lo siguiente: **(1)** certificación negativa del registro de la propiedad; **(2)** resolución sobre declaratoria de herederos de don Mariano Ruiz Cajigas; **(3)** notificar personalmente o por correo certificado con copia de la petición al Alcalde del municipio de Rincón, al Secretario del DTOP, al Fiscal de Distrito, al DRN (de existir cuerpos de aguas en alguna colindancia), a la AEE, a la AAA, al Negociado de Telecomunicaciones de PR y a las personas en posesión de las fincas colindantes; **(4)** citar personalmente al inmediato anterior dueño o sus herederos, si fueren conocidos, y a los que tengan cualquier derecho real sobre la finca; y **(5)** citar por edicto las personas ignoradas o desconocidas a quienes pueda perjudicar la inscripción

---

[3] Ley Núm. 210 de 8 de diciembre de 2015, según enmendada, conocida como Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, 30 LPRA sec. 6291.

solicitada.[4] El tribunal le concedió a la apelante diez (10) días para cumplir con lo ordenado, so pena de archivo del caso.

El **4 de noviembre de 2022** la señora Ruiz Firpo presentó una *Moción en cumplimiento de orden*. Informó que no existe una declaratoria de herederos del señor Mariano Ruiz Cajigas.[5] Reiteró que adquirió la finca mediante ocupación luego del fallecimiento de su padre en 1973.

Luego, el **18 de noviembre de 2022** presentó una segunda *Moción en cumplimiento de orden parcial* para presentar la certificación negativa del Registro de la Propiedad.[6]

En virtud de lo anterior, el **22 de noviembre de 2022** el TPI notificó la Sentencia apelada.[7] Allí, expresó lo siguiente: *"[n]o habiéndose presentado documentación alguna que evidencie que la Sucesión Ruiz Cajigas fue liquidada y que el predio objeto de la Petición fue adjudicado a la Peticionara por los miembros de la Sucesión, se declara No Ha Lugar la Petición presentada y se desestima la misma, sin perjuicio".[8]*

La solicitud de reconsideración fue denegada mediante orden notificada el **6 de diciembre de 2022**.

Aún en desacuerdo, la señora Ruiz Firpo acudió ante este Tribunal mediante el presente recurso en el cual alegó que el TPI incidió:

> *[a]l desestimar la petición de expediente de dominio de plano alegando que no se había cumplido con tramitar una declaratoria de herederos y requiriendo un permiso de segregación de un predio que nunca ha estado inscrito y que existe, con su configuración actual de hace más de 50 años.*

> *[a]l desestimar de plano la petición sin celebrar vista, tal y como requiere el artículo 187 de Ley 210-2015.*

---

[4] Exhibit VI del recurso, págs. 39-41.
[5] Exhibit VIII del recurso, págs. 45-46.
[6] Exhibit X del recurso, págs. 54-55.
[7] Exhibit I del recurso, págs. 1-2.
[8] *Id.,* pág. 2.

**-II-**

El expediente de dominio constituye un procedimiento especial establecido en la Ley Hipotecaria que permite a los propietarios que carezcan de títulos inscribibles de dominio a inscribir su derecho, justificándolo de la forma que establece la Ley.[9] El expediente de dominio es un procedimiento ex parte, que no declara derechos, sino que justifica la existencia de un título de dominio de la parte promovente.[10] Por tanto, la única función del juez es declarar justificado o no el dominio de los bienes de que se trate.[11] Además, la resolución aprobatoria de un expediente de dominio no constituye cosa juzgada, y no impide un juicio declarativo posterior a instancias de partes interesadas.[12]

La tramitación del expediente de dominio está recogida en los Arts. 185 – 192 de la Ley Hipotecaria[13]. Se tratan de requisitos esenciales de cumplimiento estricto.[14] A tenor con el Art. 185 de la Ley Hipotecaria todo propietario que carezca de título inscribible de dominio, podrá hacerlo si cumple con los siguientes requisitos:

1. *Presentará un escrito jurado en la sala del Tribunal de Primera Instancia correspondiente al lugar en que radiquen los bienes, o en la de aquél en que radique la porción de mayor cabida cuando se trate de una finca que radique en varias demarcaciones territoriales. Si se presenta el escrito ante una sala sin competencia, el tribunal de oficio, lo trasladará a la sala correspondiente. El escrito contendrá las siguientes alegaciones:*
   a. *Nombre y circunstancias personales del promovente y de su cónyuge, si lo tuviera, al momento de adquirir la propiedad y al momento de hacer la solicitud, si hubiera alguna diferencia.*
   b. *La descripción exacta de la propiedad con sus colindancias y cabida de acuerdo a los títulos presentados. De haberse practicado alguna mensura, deberá contener la cabida y colindancias que hayan resultado de la misma. Si la finca se formó por agrupación, deberán además, describirse individualmente las fincas que la integraron, y si fue por segregación se describirá la finca principal de la cual se separó.*
   c. *Número de Catastro según aparece en el Centro de Recaudación de Ingresos Municipales.*

---

[9] 30 LPRA sec. 6001 *et seq.*
[10] *Rodríguez v. Registrador*, 75 DPR 712, 732 (1953).
[11] *Toro v. El Registrador de Mayagüez*, 25 DPR 472 (1917).
[12] *Rodríguez v. Registrador*, supra.
[13] 30 LPRA secs. 6291-6298.
[14] *Ex parte Rosario*, 75 DPR 698, 706 (1950).

d. *Expresión de que la finca, así como las fincas constituyentes en caso de tratarse de una agrupación, o la finca de la que proviene si se trata de una segregación, no constan inscritas en el Registro de la Propiedad.*

e. *Una relación de las cargas que gravan la finca por sí o por su procedencia. En caso de no existir cargas, se expresará que está libre de cargas.*

f. *Una relación de los anteriores dueños conocidos con expresión de las circunstancias personales del inmediato anterior dueño.*

g. *El modo en que adquirió del inmediato anterior dueño.*

h. *El tiempo que el promovente y los dueños anteriores han poseído la propiedad de manera pública, pacífica, continua y a título de dueños.*

i. *El hecho de que la finca, o en caso de agrupación, las que la componen, mantuvieron la misma cabida y configuración durante los términos que disponen los Artículos 1857 y 1859 del Código Civil de Puerto Rico para que operen los efectos de la prescripción adquisitiva. Si la finca resulta ser una segregación de una finca de mayor cabida que consta inscrita, la segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente mediante plano de inscripción. No constituirá justo título a los efectos de este Artículo, un título de dominio sobre una porción pro indivisa en una finca no segregada, ni el título que recae sobre una finca segregada de una finca inscrita en el registro.*

j. *El valor actual de la finca.*

k. *Las pruebas legales que se dispone a presentar.*

l. *Las demás alegaciones que en derecho procedan en cada caso.*

2. *El promovente notificará personalmente o por correo certificado con copia de su escrito a los siguientes:*

a. *Alcalde del municipio en que radiquen los bienes.*

b. *Secretario de Transportación y Obras Públicas.*

c. *Fiscal de Distrito.*

d. *Las personas que están en la posesión de las fincas colindantes.*

*El tribunal ordenará la citación personal de los siguientes:*

a. *El inmediato anterior dueño o sus herederos si fueren conocidos en caso de no constar en escritura pública la transmisión. Se entenderá como inmediato anterior dueño, en el caso de que los promoventes sean herederos, aquel de quien el causante adquirió la propiedad.*

b. *Los que tengan cualquier derecho real sobre la finca objeto del procedimiento.*

*El tribunal ordenará la citación mediante edicto de los siguientes:*

a. *Las personas ignoradas o desconocidas a quienes pueda perjudicar la inscripción solicitada.*

b. *Los que están ausentes pero de no estarlo debían ser citados en persona y cuyo paradero se desconoce al tiempo de hacerse la primera publicación del edicto se les enviará copia de la citación por correo certificado y con acuse de recibo, a su última dirección conocida. Si se ignora su paradero y así queda probado, se les citará exclusivamente mediante el referido edicto.*

3. *Forma, plazo y contenido del edicto:*
*El edicto se publicará en tres (3) ocasiones dentro del término de veinte (20) días en un periódico de circulación general diaria en Puerto Rico, a fin de que comparezcan si quieren alegar su derecho.*

*Deberá contener la descripción de la finca que será objeto de inmatriculación y de tratarse de una finca agrupada, las descripciones de las fincas que la comprenden.*

*En el plazo improrrogable de veinte (20) días a contar de la fecha de la última publicación del edicto, los interesados y/o las partes citadas, o en su defecto los organismos públicos afectados, podrán comparecer ante el tribunal, a fin de alegar lo que en derecho proceda.*

4. *La intervención del Secretario de Transportación y Obras Públicas, o en su defecto, de los organismos públicos afectados, se limitará a mantener la defensa de cualesquiera derechos existentes a favor del Estado. La intervención del alcalde del municipio en que radiquen los bienes, se limitará a mantener la defensa de cualesquiera derechos existentes a favor del municipio que se trate. El Ministerio Fiscal velará, además, por el debido cumplimiento de la ley.*

5. *Previo al señalamiento de vista en su fondo, el promovente unirá al expediente judicial una certificación negativa acreditativa de que la finca objeto del procedimiento, no aparece inscrita a nombre de persona distinta al promovente.*

*La fecha de la referida certificación negativa no deberá ser anterior a diez (10) días previos a la presentación de la solicitud de Expediente de Dominio.*

*Cuando el Registrador no pueda concluir con certeza que la finca o parte de ésta no consta inscrita, denegará la Certificación Registral y así lo hará constar al Tribunal.[15]*

En resumen, el promovente del expediente de dominio deberá notificar personalmente o por correo certificado con copia de su escrito al Secretario del DTOP, al Fiscal de Distrito y a las personas que están en la posesión de las fincas colindantes. Además, el tribunal ordenará la citación personal del inmediato anterior dueño o sus herederos, si fuesen conocidos, y a los que tengan en dichos bienes cualquier derecho real; y convocará por edicto a las personas ignoradas a quienes pueda perjudicar la inscripción solicitada.

En cuanto al requisito de citación al inmediato anterior dueño, o sea, de aquel de quien proceda la propiedad, el Tribunal Supremo de Puerto Rico expresó:

*Tal postulado de cumplimiento estricto del requisito de citación del dueño inmediatamente anterior, o sus causahabientes, está basado en el hecho de que el expediente de dominio es un procedimiento ex parte en su origen y es, presuntivamente, rápido. La citación del anterior dueño afecta el orden y el interés público y se requiere, en parte, para que quede debidamente acreditada la autenticidad de la transmisión. La citación debe ser del anterior dueño inmediato, y no de los anteriores dueños remotos. La citación del dueño inmediatamente anterior, o de sus causahabientes, en su caso, debe ser personal, cuando ellos son conocidos o cuando*

---

[15] 30 LPRA sec. 6291.

*se conoce su existencia y paradero, y ellos están en Puerto Rico, siendo indispensable tal citación personal, bajo esas circunstancias. Si se desconoce la existencia o el paradero del dueño inmediatamente anterior, o de sus causahabientes, ellos podrían ser citados por edictos, pero, en ese caso, ellos deben ser nombrados en los edictos, de conocerse su identidad y existencia o, de no ser posible el designarlos específicamente, debe haber alguna referencia en los edictos a ellos, esto es, debe indicarse que se está citando al anterior dueño de esa finca o sus causahabientes. [Citas Omitidas][16]*

Por su parte, el Art. 190 de la Ley Hipotecaria dispone lo siguiente:

*Si el inmediato anterior dueño ha fallecido, el promovente expresará en el escrito inicial los nombres de los herederos. De no conocer sus nombres, expresará que son personas ignoradas o desconocidas.*

*No será preciso justificar documentalmente la cualidad de herederos o causahabientes. De éstos comparecer, deberán informar al tribunal si los conocen, los nombres y domicilios de cualesquiera otros herederos para que el tribunal pueda tomar las medidas que estime convenientes.[17]*

Ciertamente, no es necesario que un expediente de dominio se tramite una declaratoria de herederos, ni es preciso justificar documentalmente la identidad y cualidad de los herederos del anterior dueño. Sin embargo, conforme a lo resuelto en *Hernández v. Registrador,* si de la petición no surge que el promovente es el único heredero y existiera la posibilidad de otros herederos o causahabientes, así deben mencionarse en el escrito a los efectos de cumplir con el requisito de citación.[18]

Por último, el Art. 187 de la Ley Hipotecaria, *supra,* dispone en su parte pertinente:

*Transcurrido el término de veinte (20) días después de la publicación del edicto, a petición del promovente, el tribunal celebrará una vista para atender las reclamaciones y pruebas que se presenten.[19]*

**-III-**

En el presente caso la señora Ruiz Firpo arguye que el TPI incidió al desestimar la petición de expediente de dominio, toda vez

---

[16] *Ex parte Rosario,* supra, pág. 707.
[17] 30 LPRA sec. 6296.
[18] 36 DPR 43 (1926).
[19] 30 LPRA sec. 6293.

que no es necesaria la presentación de la declaratoria de herederos de su difunto padre. Insiste en que desde el fallecimiento de su padre en 1973, tomó posesión del inmueble en concepto de dueña sin justo título, de forma quieta, pública, pacífica e ininterrumpida por más de 30 años - con exclusión de los demás herederos. En cualquier caso, la apelante arguye que el TPI debió celebrar una vista evidenciaria, conforme a lo dispuesto en el Art. 187 de la Ley Hipotecaria.

Luego de examinar el expediente apelativo, resolvemos que el TPI no erró al desestimar la petición. La apelante incumplió con los requisitos establecidos en la Ley Hipotecaria para la inscripción del dominio. Veamos.

Surge de las alegaciones de la petición de expediente de dominio que la señora Ruiz Firpo ha ocupado la finca en cuestión desde el fallecimiento de su padre en el 1973 hasta el presente. Es la contención de la apelante que su difunto padre era el inmediato anterior dueño del inmueble. Lo cual quiere decir que esta adquirió el dominio de la finca en calidad de heredera. Sin embargo, no posee un título de domino inscribible. Ahora bien, advertimos que la señora Ruiz Firpo no es la única heredera o causahabiente del señor Mariano Ruiz Cajigas. De los documentos que obran en el expediente se desprende la existencia de al menos dos herederos adicionales – el Sr. José Ramón Ruiz Firpo y el Sr. Wenceslao Ruiz Firpo, quienes a su vez son colindantes de la finca en controversia.[20] Sin embargo, el escrito sobre expediente de dominio no identifica ni menciona los nombres de los herederos en claro incumplimiento con el Art. 190 de la Ley Hipotecaria.

Como discutiéramos en derecho, aun cuando no es necesaria una declaratoria de herederos en un procedimiento de expediente de

---

[20] Véase, Apéndice v del recurso, pág. 21.

dominio, sí es requerido la mención de los herederos o causahabientes del inmediato anterior dueño para propósitos de cumplir con el requisito esencial de la notificación.

En ese sentido, el 31 de octubre de 2022 el TPI le ordenó a la señora Ruiz Firpo, entre otras cosas, citar personalmente al anterior dueño o sus herederos si fuesen conocidos; o por edicto, si fuesen desconocidos. Sin embargo, la parte apelante no lo hizo. Se limitó a reiterar que ha poseído la finca en carácter de dueña, con exclusión de los demás herederos.

Igualmente, al amparo del Art. 185 de la Ley Hipotecaria, *supra*, el TPI le ordenó citar a toda persona que pudiese tener un derecho real sobre la finca en controversia. Basta con observar la Certificación de Valor y el Estado de Cuenta del CRIM [21] para concluir que pudieran existir personas con interés real sobre el inmueble en cuestión. Ello, puesto que de dichos documentos se desprende que para efectos del CRIM la propietaria del inmueble no es la señora Ruiz Firpo, sino la Sucesión Elviro Ruiz. Por tanto, la apelante debió citar a la sucesión por edicto, en caso de no conocer a sus miembros. Como nota al calce, señalamos que el registro en el CRIM de la Sucesión Elviro Ruiz como propietarios de la finca, crea un interrogante sobre quien verdaderamente es el inmediato anterior dueño del inmueble. Por lo que definitivamente, la Sucesión Elviro Ruiz debe ser citada.

Por otra parte, se ordenó la observancia de los demás requisitos de cumplimiento estricto, a saber: la notificación personal o por correo certificado con copia de la petición de expediente de dominio al Alcalde del municipio de Rincón, al Secretario del DTOP, al Fiscal de Distrito, entre otros. No surge del expediente que la señora Ruiz Firpo haya cumplido con lo ordenado.

---

[21] Exhibit V del recurso, págs. 37-38.

Con respecto a las personas en posesión de las fincas colindantes, del escrito surge que la señora Ruiz Firpo los conoce,[22] por lo que igualmente debe cumplir con el requisito de notificación personal o por correo certificado con copia de la petición de expediente de dominio. Particularmente, señalamos que entre los colindantes se encuentran sus hermanos - José Ramón y Wenceslao Ruiz Firpo; lo cual abona al razonamiento del TPI en cuanto a que la finca sobre la cual la señora Ruiz Firpo quiere inscribir su dominio pudiera ser una propiedad en común proindiviso. Por lo que ciertamente resulta necesaria la notificación de los colindantes en el presente recurso especial.

En virtud de lo anterior, resulta evidente que la señora Ruiz Firpo no cumplió con los requisitos impuestos en la Ley Hipotecaria a los fines de perfeccionar su petición de expediente de dominio. Ante tales circunstancias, el TPI no estaba en posición de celebrar una vista evidenciaria.

En consecuencia, resolvemos confirmar la Sentencia apelada sin perjuicio de que se tramite de nuevo el procedimiento de expediente de dominio de acuerdo con la Ley Hipotecaria.

**-IV-**

Por los fundamentos expuestos, se confirma la Sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[22] *Id.*, pág. 24-36.